FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 09 2017

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**TONYA ASH, SOMER WILLIAMS and
LAKEISHA TROTTER, Each Individually
and on Behalf of Others Similarly Situated**              **PLAINTIFF**

vs.                       No. 4:17-cv-__385 - DPM__

This case assigned to District Judge _Marshall_
and to Magistrate Judge _Harris_

**K-MAC ENTERPRISES, INC.**                          **DEFENDANTS**

## ORIGINAL COMPLAINT—CLASS ACTION

COME NOW Plaintiffs Tonya Ash, Somer Williams and Lakeisha Trotter, each individually and on behalf of all others similarly situated (collectively, "Plaintiff"), by and through their attorneys Steve Rauls and Josh Sanford of the Sanford Law Firm, PLLC, and for their Original Complaint—Class Action against Defendant K-Mac Enterprises, Inc. ("Defendant"), do hereby state and allege as follows:

### I.
### JURISDICTION AND VENUE

1.    Plaintiff, individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorneys' fees as a result of Defendant's failure to pay Plaintiff and all others

similarly situated overtime compensation for all hours that Plaintiff and all others similarly situated worked in excess of forty (40) per workweek.

2. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3. Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this Complaint.

4. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5. Defendant conducts business within the State of Arkansas, operating several fast food eating establishments.

6. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Arkansas.

7. Defendant employed all three named Plaintiffs at restaurants located in the Eastern District of Arkansas. Therefore, the acts alleged in this Complaint had their principal effect within the Eastern District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II.
## THE PARTIES

8. Plaintiffs Ash, Williams and Trotter are citizens of the United States and residents and domiciliaries of the State of Arkansas.

9. At all times relevant to the allegations in this Complaint, Ash was an hourly-paid employee at one of Defendant's eateries in Little Rock, Arkansas.

10. At all times relevant to the allegations in this Complaint, Williams was an hourly-paid employee at one of Defendant's eateries in Little Rock, Arkansas.

11. At all times relevant to the allegations in this Complaint, Trotter was an hourly-paid employee at one of Defendant's eateries in Little Rock, Arkansas.

12. At all times material herein, Plaintiff and those similarly situated have been entitled to the rights, protections and benefits provided under the FLSA and the AMWA.

13. Defendant is an "employer" within the meanings set forth in the FLSA and AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

14. Defendant K-Mac Enterprises, Inc., is a fast food eatery company headquartered in Fort Smith, Arkansas.

15. Defendant K-Mac Enterprises, Inc., is a foreign for-profit corporation whose registered agent for service of process for the state of Arkansas is Sam Fiori, 1820 South Zero Street, Fort Smith, Arkansas.

16. Defendant has employees that handle, sell, or otherwise work with goods or materials that have been moved in or produced for commerce.

17. Defendant's annual gross volume of sales or business done is not less than $500,000.00.

18. Defendant has more than four employees.

## III.
## **FACTUAL ALLEGATIONS**

19. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

20. Defendant owns and operates more than two hundred Taco Bell, KFC, and Long John Silver's restaurants in several states, including Arkansas.

21. Defendant employed each of the three named Plaintiffs at restaurants in Little Rock, Arkansas, within the three years prior to the filing of this lawsuit.

22. During the period relevant to this lawsuit, Defendant classified Plaintiffs as hourly employees non-exempt from the overtime requirements of the FLSA and the AMWA.

23. Defendant has policies requiring minimum staffing levels at its restaurants that make it necessary for employees to work more than forty hours per week on a regular basis.

24. Defendant has policies limiting the amount of overtime work that restaurant managers are allowed to record for restaurant employees.

25. Defendant's policies effectively require managers to "shave" time off of employees' recorded hours to comply with Defendant's staffing requirements and overtime limits.

26. Defendant's policies effectively require employees to work "off the clock" to comply with Defendant's staffing requirements and overtime limits.

# IV.
# REPRESENTATIVE ACTION ALLEGATIONS
## A. FLSA § 216(b) Class

27. Plaintiffs bring their claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

28. The FLSA Class consists of all persons who were, are, or will be employed by Defendant as hourly employees at any Taco Bell, KFC, or Long John Silver's restaurant at any time within the applicable statute of limitations period.

29. In conformity with the requirements of FLSA Section 16(b), Plaintiffs have attached hereto written Consents to Join this lawsuit.

30. The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Class Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

31. The members of the proposed Hourly FLSA Class are similarly situated in that they share these traits:

    a. They were classified by Defendant as non-exempt from the minimum wage and overtime requirements of the FLSA;

    b. They were subject to Defendant's common policy requiring hourly workers to reduce their recorded hours of work by clocking out and continuing to work at the end of the workday; and

    c. They were subject to Defendant's common policy of reducing the recorded hours of work for hourly employees by modifying existing time clock records.

32. Plaintiffs are unable to state the exact number of potential members of the FLSA Class but believes that the class exceeds five hundred (500) persons.

33. Defendant can readily identify the members of the Section 16(b) class, which encompasses all hourly-paid employees at its fast-food restaurants.

34. The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail and email to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiffs' FLSA claim.

### B. AMWA Rule 23 Classes

35. Plaintiffs, individually and on behalf of all others similarly situated who were employed by Defendant within the State of Arkansas, bring this claim for relief for violation of the AMWA as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

36. Plaintiffs propose to represent all persons who were, are, or will be employed by Defendant as similarly situated hourly employees at its restaurants within Arkansas at any time within the applicable statute of limitations period.

37. Upon information and belief, Defendant employs more than one hundred hourly employees within Arkansas. Therefore, the proposed Hourly AMWA Class is so numerous that joinder of all members is impracticable.

38. Common questions of law and fact relate to all of the proposed Hourly AMWA Class members, such as:

a. Whether Defendant had an unlawful policy requiring members of the proposed class to perform work before they clocked in or after they clocked out;

b. Whether Defendant had an unlawful policy of adjusting time clock records so as to reduce class members' hours worked;

c. Whether Defendant maintained accurate records of hours worked by members of the proposed class as required by the AMWA; and

d. Whether Defendant paid the members of the proposed class one and one-half times their regular wages for hours worked over forty (40) in each week in accordance with the AMWA.

39. The above common questions of law and fact predominate over any questions affecting only the individual named Plaintiffs, and a class action is superior to other available methods for fairly and efficiently adjudicating the claims of the members of the AMWA Class.

40. The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class. To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health,

Page 7 of 14
Tonya Ash, et al., v. K-Mac Enterprises, Inc.
U.S.D.C. (E.D. Ark.) Case No. 4:17-cv-____
Original Complaint—Class Action

efficiency, and well-being." Ark. Code Ann. § 11-4-202. To that end, all non-exempt employees must be paid for time worked over forty (40) hours per week at a rate of one and one-half times their regular rate. Ark. Code Ann. § 11-4-211.

41. At the time of the filing of this Complaint, neither Plaintiff nor Plaintiff's counsel knows of any litigation already begun by any members of the proposed class concerning the allegations in this Complaint.

42. Concentrating the litigation in this forum is highly desirable because Defendant is based in the Eastern District of Arkansas and because Plaintiff and all proposed class members work or worked within Arkansas.

43. No difficulties are likely to be encountered in the management of this class action.

44. The claims of Plaintiffs are typical of the claims of the proposed classes in that Plaintiffs worked as hourly employees for Defendant and experienced the same violations of the AMWA that all other class members suffered.

45. Plaintiffs and their counsel will fairly and adequately protect the interests of the class.

46. Plaintiffs' counsel are competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and to the extent, if any, that they find that they are not, they are able and willing to associate additional counsel.

47. Plaintiffs have consented in writing to the association of additional counsel.

48. Prosecution of separate actions by individual members of the proposed class would create the risk of inconsistent or varying adjudications with respect to individual members of the proposed class that would establish incompatible standards of conduct for Defendant.

## V.
## FIRST CAUSE OF ACTION

### (Individual Claims for Violation of the FLSA)

49. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

50. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

51. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

52. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

53. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay time and a half of regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

54. At all times relevant to this Complaint, Defendant classified Plaintiff as non-exempt from the overtime requirements of the FLSA.

55. Despite the entitlement of Plaintiff to minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiff an overtime rate of one and one-half times their regular rate of pay for all hours worked over forty (40) in each one-week period.

56. Defendant's failure to pay Plaintiff all overtime wages owed was willful.

57. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VI.
## SECOND CAUSE OF ACTION

### (Individual Claims for Violation of the AMWA)

58. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

59. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq*.

60. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

61. Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty in one week and to pay one and one-half times regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

62. At all times relevant to this Complaint, Defendant classified Plaintiff as non-exempt from the overtime requirements of the AMWA.

63. Despite the entitlement of Plaintiff to minimum wage and overtime payments under the AMWA, Defendant failed to pay Plaintiff an overtime rate of one and one-half times their regular rate of pay for all hours worked over forty (40) in each one-week period.

64. Defendant's failure to pay Plaintiff all overtime wages owed was willful.

65. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint pursuant to Arkansas Code Annotated § 11-4-218.

## VII.
## THIRD CAUSE OF ACTION

**(Collective Action Claim for Violation of the FLSA)**

66. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

67. Plaintiff, individually and on behalf of all others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

68. At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiff and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

69. Defendant classified Plaintiff and all similarly situated members of the Hourly FLSA Class as non-exempt from the overtime requirements of the FLSA.

70. Despite the entitlement of Plaintiff and those similarly situated to minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiff and all those similarly situated an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period.

71. Defendant willfully failed to pay overtime wages to Plaintiff and to others similarly situated.

72. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all those similarly situated for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VIII.
## FOURTH CAUSE OF ACTION

**(Class Action Claim for Violation of the AMWA)**

73. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

74. Plaintiff, individually and on behalf of the members of the proposed class, asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq.*

75. At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiff and the members of the proposed class within the meaning of the AMWA, Arkansas Code Annotated § 11-4-203(4).

76. Defendant classified Plaintiff and all members of the AMWA Class as non-exempt from the overtime requirements of the AMWA.

77. Despite the entitlement of Plaintiff and the members of the proposed class to minimum wage and overtime payments under the AMWA, Defendant failed to pay Plaintiff and the members of the proposed class an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period.

78. Defendant willfully failed to pay overtime wages to Plaintiff and the members of the proposed class.

79. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all members of the proposed class for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## IX.
## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Tonya Ash, Somer Williams, and Lakeisha Trotter, each individually and on behalf of all others similarly situated and the members of the proposed Section 216 and Rule 23 classes, respectfully pray as follows:

A. That Defendant K-Mac Enterprises, Inc., be summoned to appear and answer this Complaint;

B. For orders regarding certification of and notice to the proposed collective and class members;

C. For an order of this Honorable Court entering judgment in their favor against Defendant for their actual economic damages in an amount to be determined at trial;

D. For liquidated damages as provided for under the FLSA and the AMWA;

E. For their attorneys' fees, costs, and pre-judgment interest; and

F. For such other and further relief as this Court deems necessary, just and proper.

Respectfully submitted,

**TONYA ASH, SOMER WILLIAMS and LAKEISHA TROTTER, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

By: /s/ Steve Rauls
Steve Rauls
Ark. Bar No. 2011170
steve@sanfordlawfirm.com

and /s/ Josh Sanford
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**TONYA ASH and SOMER WILLIAMS, Individually**          **PLAINTIFFS**
**and on Behalf of All Others Similarly Situated**

vs.          No. _____

**K-MAC ENTERPRISES, INC.**          **DEFENDANT**

### CONSENT TO JOIN COLLECTIVE ACTION

     I was employed by K-Mac Enterprises, Inc. during some of the three years prior to the signing of this document. I understand that a lawsuit is being brought against my employer under the Fair Labor Standards Act (FLSA) for overtime compensation and other relief. As an employee of this defendant, I consent to becoming a party-plaintiff to this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication of the Court.

     I declare under penalty of perjury that the foregoing is true and correct.

April 18, 2017

_[signature]_
**TONYA ASH**
c/o SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**TONYA ASH and SOMER WILLIAMS, Individually**     **PLAINTIFFS**
**and on Behalf of All Others Similarly Situated**

vs.            No. _____

**K-MAC ENTERPRISES, INC.**                      **DEFENDANT**

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed by K-Mac Enterprises, Inc. during some of the three years prior to the signing of this document. I understand that a lawsuit is being brought against my employer under the Fair Labor Standards Act (FLSA) for overtime compensation and other relief. As an employee of this defendant, I consent to becoming a party-plaintiff to this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication of the Court.

I declare under penalty of perjury that the foregoing is true and correct.

April 18, 2017

*/s/ Somer Williams*

**SOMER WILLIAMS**
c/o SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040